## JULIAN A. SPROUL *vs.* HENRY F. CUMMINGS.

### Kennebec.   Opinion April 22, 1919.

*Action of trover.   Who may maintain same.   Proof necessary to maintain action.*

Action of trover to recover the value of certain lumber, and involving the location of the division line of lots of land situate in the town of Washington.

Title in defendant was not claimed until after this suit was brought, when the defendant secured quitclaim deeds to the premises from heirs of one Levi Turner, father of Merrill Turner the first grantor in plaintiff's chain of title. There is no record of a deed from Levi Turner to Merrill Turner.   The break in title, if there was one, occurred prior to August 5, 1879.   Since that date it appears that the plaintiff and his grantors have been in possession under recorded deeds of the same, a period of more than thirty-five years, had operated on the lot as they desired, without interruption, and had paid the taxes thereon.

*Held:*

1.   In the absence of a record of a previous deed from Levi Turner to his son Merrill Turner prior to 1879, we think the long and uninterrupted possession of the property by the plaintiff and his grantors creates a presumption that formal instruments of title once existed even if they cannot now be found.

2.   The testimony and circumstances surrounding the case justified the jury in presuming existence of a deed.   The conduct of all the parties can be explained only upon that theory.   No other explanation appears, and the defendant having the burden of such duty has not been able to rebut the presumption of the existence of such deed.

3.   Ownership was not necessary.   One in possession of land may maintain trover against another taking the products of the soil, the gist of the action being the invasion of the plaintiff's possession.

4.   The plaintiff and his predecessors in title claiming under recorded deeds having paid all taxes for a period of more than twenty years are protected by the provision of R. S., Chap. 110, Sec. 18, against the claim herein set up under the after acquired deeds from the heirs of Levi Turner.

Action of trover.   Defendant filed plea of general issue.   Verdict for plaintiff in the sum of $476.26.   Defendant filed motion for new trial.   Motion overruled.

Case stated in opinion.

*Williamson, Burleigh & McLean,* for plaintiff.

*Andrews & Nelson,* for defendant.

SITTING: CORNISH, C. J., SPEAR, HANSON, PHILBROOK, WILSON, DEASY, JJ.

HANSON, J.    Action of trover to recover the value of certain lumber, and involving the location of the division line of lots of land situate in the town of Washington.

The jury returned a verdict for the plaintiff for $476.26, and the case comes up on the defendant's general motion.

The case shows that the line in dispute is known as the Ballard line, evidently an ancient base line running for miles through the Kennebec valley.    The defendant claimed:—

1st.    That his immediate predecessor, Whitney, did not cut over the line on land of the plaintiff.

2nd.    That if Whitney did cut over the so-called Ballard line, plaintiff did not own the land on which Whitney cut the logs and so cannot recover.

3rd.    What logs or lumber defendant bought of Whitney, were not cut over the line and were never the property of the plaintiff.

4th.    But even if the jury were right in finding that Whitney did cut over the line on land of plaintiff, still defendant did not receive any such amount of lumber so cut as plaintiff claims.

The principal question and one deemed most vital to the case was, where is the Ballard line on the face of the earth?

It will serve no useful purpose to restate the evidence, and it is sufficient to say that it is clearly proved that the line claimed by the plaintiff to be the easterly line of his lot, is the Ballard line, and that the cutting complained of was made on the westerly side of that line, on land owned by the plaintiff.

It was also contended by the defendant that the plaintiff had neither title, nor possession of the premises, and could not therefore maintain this action.

Title in defendant was not claimed until after this suit was brought, when the defendant secured quitclaim deeds to the premises from heirs of one Levi Turner, father of Merrill Turner the first grantor in plaintiff's chain of title.    There is no record of a deed from Levi Turner to Merrill Turner.    The break in title, if there was one, occurred prior to August 5, 1879.    Since that date it appears that the plaintiff and his grantors have been in possession under recorded

deeds of the same, a period of more than thirty-five years, had operated on the lot as they desired, without interruption, and had paid the taxes thereon.

In the absence of a record of a previous deed from Levi Turner to his son Merrill Turner prior to 1879, we think the long and uninterrupted possession of the property by the plaintiff and his grantors creates a presumption that formal instruments of title once existed even if they cannot now be found. *United States* v. *Clasey*, 175 U. S., 509; *Perry* v. *Central Coal & Coke Co.*, 138 F., 769; *Gage* v. *Eddy*, 179 Ill., 492.

The testimony and circumstances surrounding the case justified the jury in presuming existence of a deed. The conduct of all the parties can be explained only upon that theory. No other explanation appears, and the defendant having the burden of such duty has not been able to rebut the presumption of the existence of such deed. *Farrar et al.* v. *Merrill*, 1 Maine, 17; *Nelson* v. *Butterfield*, 21 Maine, 234.

But ownership was not necessary. One in possession of land may maintain trover against another taking the products of the soil. 38 Cyc., 2026. *Stevens* v. *Gordon*, 87 Maine, 504. In *Webber* v. *McAvoy*, 117 Maine, 326, this court held: "As the right to the logs depends upon the possession of the locus from which they were cut, the plaintiffs to maintain the action, must show that, at the time of the alleged conversion they had either actual or constructive possession of the premises. If they did not have the title, they must show actual possession; the gist of the action being the invasion of the plaintiff's possession. 38 Cyc., 2049, citing a number of cases. *Smith* v. *Sawyer*, 108 Maine, 485.

The plaintiff and his predecessors in title claiming under recorded deeds having paid all taxes for a period of more than twenty years are protected by the provision of R. S., Chap. 110, Sec. 18, against the claim herein set up under the after acquired deeds from the heirs of Levi Turner. The Statute is here quoted:

Section 18. "No real or mixed action, for the recovery of uncultivated lands or of any individual fractional part thereof, situated in any place incorporated for any purpose, shall be commenced or maintained against any person, or entry made thereon, when such person or those under whom he claims have, continuously for the twenty years next prior to the commencement of such action, or the making

of such entry, claimed said lands or said undivided fractional part thereof under recorded deeds; and have, during said twenty years, paid all taxes assessed on said lands, or on such undivided fractional part thereof, however said tax may have been assessed whether on an undivided fractional part of said lands or on a certain number of acres thereof equal approximately to the acreage of said lands or of said fractional part thereof; and have during said twenty years, held such exclusive, peaceable, continuous and adverse possession thereof as comports with the ordinary management of such lands or of undivided fractional parts of such lands, in this state. This section shall not apply to actions pending in court on the twenty-seventh day of April nineteen hundred and seven, nor to those commenced before the first day of January nineteen hundred and twelve."

Defendant's counsel urges that even if the jury were right in finding that Whitney did cut over the line on land of the plaintiff, still the defendant did not receive any such amount of lumber so cut as the plaintiff claims.

As with other issues involved, we have examined the record upon the question of the value of the lumber taken, and we find no sufficient basis for interfering with the finding of the jury.

The entry will be,

*Motion overruled.*
*Judgment on the verdict.*